### WILSON *v.* BLANCO.

*(Superior Court of New York City, General Term.* April 15, 1889.)

AMBASSADORS—IMMUNITY FROM CIVIL ACTIONS.

> B., envoy extraordinary from Venezuela to France, and recognized as such by the United States, while passing through New York, on his way to France, was served with summons, and on default judgment was rendered against him. *Held,* that his privilege as ambassador gave him immunity against all civil suits, and the judgment and service of summons would be set aside on motion.

Appeal from special term.

Opinion of special term, April 12, 1888:

"O'GORMAN, J. Guzman Blanco, being an envoy extraordinary and minister plenipotentiary, duly accredited, from Venezuela to France, and recognized as such by the government of the United States, and while in the city of New York, waiting to take early means of conveyance from this city to France, was served with a summons in this action. Failing to make any appearance in the action, judgment was recovered against him for the sum of $2,194,535.34. A motion is now made to set aside the judgment, and vacate the service of summons upon him, on the ground that he was, when so served, an ambassador, and as such not amenable to any civil suit against him in this city or state. It is conceded, for the purposes of this action, that he could not lawfully have been arrested while thus in the city of New York, and this concession is in accordance with the judgment of this court in *Holbrook* v. *Henderson,* 4 Sandf. 620. The court there, however, went further, and expressed the opinion that the privilege of an ambassador extended to immunity against all civil suits sought to be instituted against him in the courts of the country to which he was accredited, as well as in those in a friendly country through which he was passing on his way to the scene of his diplomatic labors, and to this privilege the learned court held that he was entitled, as representative of his sovereign, and also because it was necessary for his free and unimpeded exercise of his diplomatic duties. This opinion of the superior court is in accord with that of Wheaton, as set forth in his book on the Law of Nations, in which he has collc c.eJ and condensed the views of numerous jurists of recognized authority on the subject. Wheat. Hist. Law Nat. 240 *et seq.* This rule of international law derives support from the legal fiction that an ambassador is not an inhabitant of the country to which he is accredited, but of the country of his origin, and whose sovereign he represents, and within whose territory he, in contemplation of law, always abides. When, therefore, a claim is made against him in the country to which he is sent, for payment of a debt incurred by him, the creditor must proceed against him exactly as if he were not resident there, and as if he had not contracted the debt there, and as if he had no property there in his quality of ambassador. Id. 242. If he has contracted debts, and he has no real property in the country to which he is sent, he should be requested to make payment, and, in case of refusal, application should be made to his sovereign; and, as a necessary consequence of the rule of extraterritorial residence, he is always considered as re-

taining his original domicile, and may be proceeded against in the competent court of his own country, and he cannot set up the plea of absence in the service of the state as a bar to the suit in the domestic form, since the law supposes him still to be present there. From these views I am led to the conclusion that the services made on Guzman Blanco in this case, and the judgment entered against him, are of no force, and void. The fact, rather suggested than positively averred in the complaint, that he was connected, as a partner, in a mercantile business in New York, is not material, It does not appear that the cause of action arose out of that mercantile relation or business, or out of any contract or transaction which arose in the state of New York or the United States. The motion to vacate the judgment against Guzman Blanco, and to set aside the service of the summons upon him, is granted, with $10 costs."

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*W. M. Safford,* for appellant.    *John E. Risley,* for.respondent.

PER CURIAM. Order affirmed, with $10 costs, for the reason assigned by Judge O'GORMAN for granting the motion.