ESTELLE CARBONE, Plaintiff, *v.* CARLOS CARBONE, JR., Defendant.

Supreme Court, New York Special Term, September 4, 1924.

Process — summons — motion to vacate order of arrest and service of summons in divorce action — defendant is attache of republic of Panama accredited to its legation in Italy — defendant entitled to immunity from arrest as diplomatic attache — order of arrest vacated — motion to vacate service of summons denied.

A country through which an ambassador is merely passing to or from the country to which he is accredited owes him only the duty not to prevent him from discharging his diplomatic functions by restraint on his personal liberty.

Accordingly, defendant's motion to vacate an order of arrest and discharge the bond therein, in an action for divorce, will be granted where it appears that he is a diplomatic attache of the republic of Panama accredited to its legation in Italy. However, defendant's motion to vacate the service of the summons in the same action will be denied since, save the right of innocent passing, no other privileges need be granted an envoy under the principles of international law.

MOTION to vacate order of arrest and service of summons in action for divorce.

*Benjamin F. Spellman,* for the plaintiff.

*Maxwell Green,* for the defendant.

PROSKAUER, J. Defendant moves to vacate the order of arrest and the service of summons in an action for absolute divorce upon the ground that he is a diplomatic attache of the republic of Panama attached to its legation in Italy.

He can take no advantage of the provisions of the Federal Judicial Code, which apply only to those of diplomatic status

accredited to the government of the United States. There are, however, certain immunities accorded by international law and custom. The immunities of an ambassador extend to members of his official household. 2 C. J. 1303, § 25. An ambassador while " passing through the territory of a friendly power " is entitled " to at least some of the rights and privileges of ambassadors " accredited to that country. *Holbrook* v. *Henderson*, 6 N. Y. Super. Ct. 619, 629. In that case Oakley, J., writes (p. 630): " According to Vattel's opinion, then, the principles of international law on which the rights and privileges of resident ministers rest, apply to a case like the one now before us, so far as to secure to the minister an entire personal safety, and freedom from arrest, and violence, or, in other words, from all restraint of his personal liberty, whereby he may be prevented from discharging his duties to his own sovereign."

In *Wilson* v. *Blanco*, 4 N. Y. Supp. 714, the General Term of the City Court erroneously states that the court in *Holbrook* v. *Henderson* " expressed the opinion that the privilege of an ambassador extended to immunity against all civil suits sought to be instituted against him in the courts of the country to which he was accredited, as well as in those in a friendly country through which he was passing on his way to the scene of his diplomatic labors." There is a clear distinction between immunity from the service of civil process and immunity from arrest or other interference with personal freedom. The principle of international law which grants an ambassador immunity from suit in the country to which he is accredited rests upon the reason that the ambassador is not to be interfered with or coerced by any of the powers inherent in the sovereignty to which he is accredited. A country through which he is merely passing to or from the country to which he is accredited owes him only the duty not to prevent him from discharging his diplomatic function by restraint on his personal liberty. As stated by Oppenheim (1 Internat. Law [3d ed.], 574): " * * * there ought to be no doubt that such third State must grant the right of innocent passage to the envoy * * *. But other privileges * * * need not be granted to the envoy."

The same opinion is expressed by Mr. Baron Huddleston in *New Chile Gold Mining Co.* v. *Blanco*, 4 T. L. Rep. 349.

For these reasons the motion to vacate the order of arrest and discharge the bond is granted. Motion to vacate the service of summons is denied.

Ordered accordingly.